**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| _____ )<br>ANN MARIE B. SPAGNOLA, )<br>    )<br>    Plaintiff, )<br>    )<br>    )<br>v.    )<br>    )<br>TOWN OF MORRISTOWN, MAYOR )<br>JOHN DELANEY, in his individual )<br>and official capacities, ERIC MAURER, )<br>in his individual and official capacities, )<br>DILLON BITAR & LUTHER, LLC, and )<br>MICHAEL L. RICH, )<br>    )<br>    Defendants. )<br>_____) | Civil Action No.: 05-577 (JLL)<br><br>**OPINION AND ORDER** | |

**LINARES**, District Judge.

This matter comes before the Court on the motion of Defendant Michael L. Rich ("Defendant Rich") to dismiss the Sixth, Seventh and Eighth Counts of Plaintiff Ann Marie B. Spagnola's ("Plaintiff") Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337. This motion is resolved without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth herein, Defendant Rich's motion is granted in part and denied in part.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff was a Management Specialist employed by Defendant Town of Morristown ("Town of Morristown").  In Counts Six, Seven and Eight of her Amended Complaint, Plaintiff alleges (1) that the actions of Defendants constituted an unlawful conspiracy to deprive her, by reason of her gender, of her constitutionally protected rights, in violation of 42 U.S.C. § 1985(3) of the Civil Rights Act of 1871 (hereinafter "Section 1985"); (2) that Defendants neglected to prevent a Section 1985 conspiracy in violation of  42 U.S.C. § 1986 of the Civil Rights Act of 1871 (hereinafter "Section 1986") and (3) that Defendant Rich is liable for negligent misrepresentation in violation of New Jersey common law. (Am. Compl. ¶¶95-117).

Plaintiff  was employed by the Town of Morristown from November 1991 until August 13, 2004, as a Management Specialist, a position which involved the performance of various information technology responsibilities for the Town.[1] (Id. ¶¶8-9).  The town of Morristown is a municipality situated in the County of Morris, in the State of New Jersey.  (Id. ¶3). Defendant John DeLaney ("Mayor DeLaney") was the mayor of Town of Morristown and a public officer at all times relevant to this action. (Id. ¶4).  Defendant Eric Maurer (hereafter "Maurer") was the Business Administrator and employee of Town of Morristown, and a public officer at all times relevant to this action.  (Id. ¶5). Defendant Dillon, Bitar & Luther, LLC ("DBL" or "The Dillon Firm") is a law firm located in the Town of Morristown. Defendant Rich is an attorney who was a partner at DBL when the alleged relevant events occurred.  (Id. ¶¶6-7).

At all times relevant to this action, Plaintiff reported to Maurer and Mayor DeLaney, and

---

[1]For the purposes of this motion to dismiss, the Court will accept all of Plaintiff's allegations as true.

was considered an excellent employee, receiving superior feedback and job performance evaluations.  (Id. ¶¶ 10-12).  Plaintiff contends that for a period of four years, she endured severe sexual harassment at work by Maurer.  (Id. ¶20).   The sexual harassment took the form of repeated exposure to Maurer's sexually offensive materials, which included:

- Finding sexually explicit stories in Maurer's office laptop satchel around mid-2000;

- Being called in to Maurer's office on or about November 14, 2000 to remove a sexual-screen saver from his office computer;

- Being exposed to sexually explicit materials, which included sexual stories and links to a sexual website on or about August 8, 2001, when Plaintiff was required to access Maurer's computer as part of her job-related duties;

- Being exposed to sexually explicit stories on two disks in Maurer's office, upon responding to a complaint by a female subordinate on or about December 27, 2002.

(Id.).

Starting in August of 2001, Plaintiff began to frequently complain to Maurer and Mayor DeLaney regarding Maurer's sexually explicit materials.  (Id. ¶¶ 23-25).  However, Plaintiff alleges that her complaints were received with anger and protests and that both men allegedly refused to remedy the problem. (Id.).  In an effort to remedy the situation, Plaintiff attempted to research and draft a policy for the Town of Morristown that would prohibit this type of conduct, but her efforts were disregarded and the sexually offensive conduct continued.  (Id. ¶¶ 26-27). As a result, on January 25, 2003, Plaintiff tendered her resignation, but was convinced by Mayor

DeLaney to withdraw it.  (Id. ¶28).  A few months later, Mayor DeLaney arranged a meeting for

Plaintiff with Defendant Rich, where Plaintiff turned over the sexually explicit materials she had

found.  (Id. at ¶¶29-30).  Mayor DeLaney allegedly told Plaintiff she was not to speak to anyone

besides Defendant Rich about her allegations against Defendant Maurer.  (Id. ¶29).  Defendant

Rich told Plaintiff that Maurer admitted that the materials were his, but that the Town of

Morristown had no policy which had been violated by Maurer's conduct.  (Id. ¶¶38-40).

Plaintiff contends that subsequent to this conversation, Defendant Rich tried to intimidate

Plaintiff and stated that "no real action" would be taken against Defendant Maurer.  (Id. ¶ 41).

According to Plaintiff, Defendant Rich affirmatively misled her about her rights relating to

sexual harassment and stated that since Maurer did not touch or speak to her in a sexual way,

there was no sexual harassment.  (Id. ¶39).  Despite Plaintiff's meetings with Defendant Rich,

Maurer's sexually offensive conduct continued, as did Plaintiff's complaints to both Maurer and

Mayor DeLaney.  (Id. ¶¶ 42-43).  On or about June 18, 2004, Plaintiff was directed by a

subordinate to a hard copy print-out of a sexually explicit e-mail.  (Id. ¶45).  When Plaintiff

turned these materials in, she was subjected to renewed efforts by Mayor DeLaney and Rich to

intimidate her.  (Id. ¶46).  Specifically, on one such occasion Rich told her "off the record" that

"it might be time for [her] to find a new job."  (Id. ¶47).

On July 14, 2004, Plaintiff received an opinion letter from Defendant Rich, which,

Plaintiff contends, was written to mislead and misinform her regarding her legal rights.  (Id. ¶48).

As a result of these efforts by Defendant Rich, Defendant Maurer and Mayor DeLaney, Plaintiff

felt compelled to resign from her job on August 13, 2004.  (Id. ¶49).

On January 28, 2005 Plaintiff filed her Complaint in this matter.  On July 18, 2005

Defendants Rich and the Dillon Firm filed a motion to dismiss Counts One through Five of the

Complaint.  While this motion was pending, Plaintiff requested and received leave to amend the

Complaint.  Plaintiff filed an Amended Complaint on October 18, 2005.  On February 22, 2006,

this Court issued an Order and Opinion (the "Opinion") granting Defendants' motion to dismiss

Counts One through Five of Plaintiff's Complaint.  Plaintiff's Amended Complaint[2] added the

following claims which are currently at issue:  (1) Count VI asserts an unlawful conspiracy by

Defendants to deprive Plaintiff, by reason of her gender, of her constitutionally protected rights,

in violation of 42 U.S.C. § 1985(3) of the Civil Rights Act of 1871; (2) Count VII asserts a

violation of 42 U.S.C. § 1986 of the Civil Rights Act of 1871 because Defendants neglected to

prevent a Section 1985 conspiracy; (3) Count VIII asserts that Defendant Rich is liable to

Plaintiff for negligent representation in violation of New Jersey common law.  On March 29,

2006 Defendant Rich filed the instant motion to dismiss claims Six, Seven and Eight of the

Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[3]

## LEGAL STANDARDS

In deciding a motion to dismiss pursuant to Federal Rule 12(b)(6), all allegations in the

complaint must be taken as true and viewed in the light most favorable to the plaintiff.  See

---

[2]The Court notes that Plaintiff has also filed a Second Amended Complaint.  However, such complaint is not relevant to the present motion.

[3]Although Defendant relied on materials beyond the pleadings in making this 12(b)(6) Motion, (specifically, this Court's Opinion), the Court declines to rule on this motion as if it were a motion for summary judgment.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).  The Opinion was based on a motion to dismiss where the Court, in reaching its determination, considered only the pleadings and all attachments thereto.  Therefore, the Court finds that the policy reasons behind the need to convert a 12(b)6 motion to a motion for summary judgment, namely, lack of notice to the Plaintiff, are absent in this situation.  Plaintiff clearly has had notice of the Opinion and the Court's findings therein.

Gomez v. Toledo, 446 U.S. 635, 636 n.3 (1980); Robb v. Philadelphia, 733 F.2d 286, 290 (3rd

Cir. 1984). However, a court may look only to the facts alleged in the complaint and any

accompanying attachments, and may not look to the record.  See Jordan v. Fox, Rothschild,

O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994).

Claims should be dismissed under Fed. R. Civ. P. 12(b)(6) where "it appears beyond

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him

to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Though a court must take as true all the

facts alleged, it may not "assume that the [plaintiff] can prove any facts that it has not alleged."

Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526

(1983). Further, on a 12(b)(6) motion, a court shall properly reject any "conclusory recitations of

law" pled within the complaint.  Pennsylvania v. PepsiCo, Inc., 836 F.2d 173, 179 (3rd Cir.

1988).

A complaint may be dismissed for failure to state a claim "where it appears beyond any

doubt that no relief could be granted under any set of facts which could be proved consistent with

the allegations."  Doe v. Div. of Youth & Family Servs., 148 F. Supp. 2d 462, 481 (D.N.J. 2001)

(quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).  Further, legal conclusions made

under the guise of factual allegations are given "no presumptions of truthfulness."  Doe, 148

F.Supp. 2d at 481 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

**DISCUSSION**

**A.  Count Six**

Plaintiff alleges that Defendants violated 42 U.S.C. § 1985(3) by depriving her of her

constitutional rights by reason of her gender.[4]  42 U.S.C. § 1985(3) states:

> If two or more persons in any State or Territory conspire, or go in
> disguise on the highway or on the premises of another, for the
> purpose of depriving, either directly or indirectly, any person or
> class of persons of the equal protection of the laws, or of equal
> privileges and immunities under the laws, or for the purpose of
> preventing or hindering the constituted authorities of any State or
> Territory from giving or securing to all persons within such State
> or Territory the equal protection of the laws; or if two or more
> persons conspire to prevent by force, intimidation, or threat, any
> citizen who is lawfully entitled to vote, from giving his support or
> advocacy in a legal manner, toward or in favor of the election of
> any lawfully qualified person as an elector for President or Vice-
> President, or as a member of Congress of the United States; or to
> injure any citizen in person or property on account of such support
> or advocacy; in any case of conspiracy set forth in this section, if
> one or more persons engaged therein do, or cause to be done, any
> act in furtherance of the object of such conspiracy, whereby
> another is injured in his person or property, or deprived of having
> and exercising any right or privilege of a citizen of the United
> States, the party so injured or deprived may have an action for the
> recovery of damages, occasioned by such injury or deprivation,
> against any one or more of the conspirators.

To successfully state a claim under 42 U.S.C. § 1985(3), "a plaintiff must allege: (1) a

conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive,

directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act

in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any

right or privilege of a citizen of the United States." Lake v. Arnold, 112 F.3d 682, 685 (3d Cir.

---

[4] 42 U.S.C. § 1985 is divided among three sections, and thus a plaintiff must specifically
allege under which section he or she is bringing the cause of action.

1997) (citing <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 102 (1971)).  Furthermore, "in order to prove a private conspiracy in violation of the first clause of § 1985(3), a plaintiff  must show, inter alia, (1) that 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirators' action' . . . and (2) that the conspiracy 'aimed at interfering with rights' that are 'protected against private, as well as official, encroachment'." <u>Bray v. Alexandria Women's Health Clinic</u>, 506 U.S. 263, 267-268 (1993) (citing <u>Griffin</u>, 403 U.S. at 102; <u>Carpenters v. Scott</u>, 463 U.S. 825 (1983)).  Gender-based discrimination has been recognized by this Circuit as invidiously discriminatory animus for purposes of § 1985(3).  <u>See</u> <u>Novotny v. Great Am. Fed. Sav. & Loan Ass'n</u>, 584 F.2d 1235, 1243 (3d Cir. 1978).

Plaintiff contends that Defendant Rich violated her Fourteenth Amendment Equal Protection guarantee of freedom from gender-based discrimination, her First Amendment guarantee of free speech and impeded her ability to seek legal redress for her grievances.  The Court shall address these claims in turn.

"A § 1985(3) private conspiracy 'for the purpose of depriving . . . any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws,' requires an intent to deprive persons of *a right guaranteed against private impairment*." <u>Bray v. Alexandria Women's Health Clinic</u>, 506 U.S. 263, 274 (1993) (emphasis added).  While Section 1985(3) can reach certain private action as well, it only does so if the right being infringed is one protected from private as well as public infringement.  <u>See</u> <u>Griffin</u>, 403 U.S. 96, 104-105 (stating that the source of congressional power being sued under in a Section 1985(3) claim must also reach private actors).

However, it is well-established law that both the First and Fourteenth Amendment only reach volitional conduct by state actors, and do not apply to violations by private, non-state actors.  See Deshaney v. Winnebago County Dep't of Social Serv., 489 U.S. 189 (1989) (stating that the Fourteenth Amendment was intended to prevent government from abusing its power, or employing it as an instrument of oppression); United Bhd. of Carpenters & Joiners, Local 610 v. Scott, 463 U.S. 825, 832 (1983) ("a conspiracy to violate First Amendment rights is not made out without proof of state involvement"); Rendell-Baker v. Kohn, 457 U.S. 830, 837 (1982) ("it is fundamental that the First Amendment prohibits governmental infringement on the right of free speech."); Shelley v. Kraemer, 334 U.S. 1, 13 (1948) (stating that it is embedded in our constitutional jurisprudence that "the action inhibited by the first section of the Fourteenth Amendment is only such action as may fairly be said to be that of the States. That Amendment erects no shield against merely private conduct, however discriminatory or wrongful.").

In this Court's Opinion dismissing Plaintiff's Section 1983 claims for failure to state a claim, the Court determined that Defendant Rich was not a state actor.  As Defendant Rich argues, and this Court agrees, this determination now constitutes "law of the case" and as such will not be disturbed for purposes of the present motion.  The law of the case doctrine provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Arizona v. California, 460 U.S. 605, 618 (1983). Under the doctrine, "once an issue is decided, it will not be relitigated . . . except in unusual circumstances." Hayman Cash Register Co. v. Sarokin, 669 F.2d 162, 165 (3d Cir. 1981). Circumstances which merit a court to reconsider an issue that has already been decided include: (1) an intervening change in the controlling law; (2) newly available evidence; or (3) when there

is a need to correct a clear error or prevent manifest injustice.  NL Indus. v. Commercial Union

Ins. Co., 65 F.3d 314, 324 (3d Cir. 1995).

The Court finds that a change in circumstance has not occurred between its Opinion and

the present motion which would merit a disturbance of the law of the case.  In addition, although

Defendant Rich raised law of the case in his moving brief in support of his argument that he was

not a state actor, Plaintiff has failed to contest the issue.  Accordingly, the Court's prior

determination that Defendant Rich was not a state actor will stand.

Although both Plaintiff and Defendant Rich recognize that a Section 1985(3) claim

alleging a violation of Fourteenth Amendment right may be sustained against a non-state actor

under certain limited circumstances, this Court fails to find any factual averments by Plaintiff

that would support a Fourteenth Amendment non-state actor cause of action under Section

1985(3).[5]  With respect to Plaintiff's § 1985(3) claim based upon an alleged violation of her First

Amendment rights, it is also apparent that such claim must also be dismissed.  After

consideration of this Court's prior determination that Defendant Rich was not a state actor, and

Plaintiff's submissions in conjunction with the present motion, the Court determines that

Plaintiff has failed to demonstrate to the Court how she may successfully sustain a § 1985(3)

claim against Defendant Rich for violation of her First Amendment rights.

_____

[5]Under the Constitution, only federal privileges and immunities, including the right to interstate travel, have been interpreted to be protected against private infringement.  See United Bhd. of Carpenters & Joiners of America, Local 610 v. Scott, 463 U.S. 825, 832-33 (1983); Novotny, 442 U.S. at 383 (Stevens, J., concurring); Griffin, 403 U.S.105-06.  The Court has examined Plaintiff's Amended Complaint and finds no claims alleging that Defendant Rich has infringed upon her privileges and immunities.

Furthermore, the Court finds Plaintiff's contention that Defendant Rich impeded her constitutional right to seek legal redress without merit.  Plaintiff claims that she has a constitutional right to seek legal redress which is actionable under Section 1985.  In making this argument, Plaintiff relies exclusively on the holding set forth by a court in the Eastern District of Pennsylvania, Kay v. Clear Channel Commc'n, 2005 WL 758250 (E.D. Pa. 2005).  After reviewing the court's holding in Kay, this Court finds that Plaintiff's claim is without basis.  In Kay, the Court noted that a plaintiff's allegation that defendant impeded plaintiff's ability to seek redress is a statement "more akin to a conclusion of law than a factual averment" and will not survive judicial scrutiny in a motion to dismiss unless there are factual averments in support.  Id. at *8.

Here, taking all of Plaintiffs' factual averments as true and in the light most favorable to her, the Court fails to find that Defendant Rich abrogated Plaintiff's right to seek legal redress. The pleadings clearly demonstrate that Plaintiff was able to file a Complaint in this court and that her action is proceeding.  Nowhere does Plaintiff allege facts sufficient to withstand a 12(b)(6) motion to dismiss this claim.

The Court hereby grants Defendant Rich's motion to dismiss Plaintiff's Section 1985(3) claim for failure to state a claim under Rule 12(b)(6) as alleged against Defendant Rich.  Count Six is hereby dismissed with prejudice as alleged against Defendant Rich.

**B.  Count Seven**

In Count Seven, Plaintiff alleges that Defendant Rich violated 42 U.S.C. § 1986. Defendant Rich moves to dismiss this claim on the basis that without demonstrating the

existence of a violation of 42 U.S.C. § 1985(3), Plaintiff may not sustain a cause of action

pursuant to 42 U.S.C. § 1986.

It is well-settled that liability under 42 U.S.C. § 1986 can be found only when liability

exists under 42 U.S.C. § 1985.

> Section 1986 is a companion to § 1985(3) and provides the
> claimant with a cause of action against any person who, knowing
> that a violation of § 1985 is about to be committed and possessing
> power to prevent its occurrence, fails to take action to frustrate its
> execution. Because transgressions of § 1986 by definition depend
> on a preexisting violation of § 1985, if the claimant does not set
> forth a cause of action under the latter, its claim under the former
> necessarily must fail also.

Perez v. Cucci 725 F. Supp. 209, 254 (D.N.J. 1989), aff'd, 898 F.2d 142 (3rd Cir. 1990) (quoting

Rogin v. Bensalem Twp., 616 F.2d 680, 696 (3rd Cir. 1980)).  Since this Court has determined

supra that Plaintiff fails to properly allege a claim pursuant to 42 U.S.C. § 1985(3), no cause of

action can thus exist under 42 U.S.C. § 1986.

Accordingly, Defendant Rich's motion to dismiss Plaintiff's § 1986 claim is granted.

Count Seven is hereby dismissed with prejudice as alleged against Defendant Rich.

**C.  Count Eight**

In Count Eight, Plaintiff contends that Defendant Rich engaged in negligent

misrepresentation under New Jersey common law.

To establish a cause of action for negligent misrepresentation in New Jersey, a plaintiff

must establish "that the defendant negligently made an incorrect statement of a past or existing

fact, that the plaintiff justifiably relied on it and that his reliance caused a loss or injury."  Masone

v. Levine, 382 N.J. Super. 181, 187 (N.J. App. Div. 2005) (citing Kaufman v. i-Stat Corp., 165

N.J. 94, 109 (N.J. 2000);  H. Rosenblum, Inc. v. Adler, 93 N.J. 324, 334 (N.J. 1983)).  Further,

"attorneys may owe a duty of care to non-clients when the attorneys know, or should know, that

non-clients will rely on the attorneys representations and the non-clients are not too remote from

the attorneys to be entitled to protection."  Petrillo v. Bachenberg, 139 N.J. 472, 483-484 (N.J.

1995).

Defendant Rich moves to dismiss this claim on the basis that he did not owe Plaintiff a

duty of care because (1) no attorney-client relationship was created and (2) no affirmative action

was taken on his part to justify reliance by Plaintiff.  (Def. Br. at 21-22).  However, as the New

Jersey Supreme Court has articulated, the absence of express assent to enter into an attorney-client

relationship does not preclude a finding that such a relationship exists.  See In re Silverman, 113

N.J. 193, 207 (N.J. 1988).  A court will infer the existence of an attorney-client relationship when

the surrounding circumstances merit such an assumption.  See id. (citing In re Palmieri, 76 N.J.

51, 58-59 (1978)).  Furthermore, an attorney's duty of care is not limited only to his client.  An

attorney is bound by his fiduciary obligations, and may be liable to non-clients for breach of his

fiduciary obligations, when he knows, or has reason to know, that they rely on him and

representations he makes in his professional capacity.  See In re Hurd, 69 N.J. 316, 330 (N.J.

1976).

Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is inappropriate unless the Court finds

beyond a doubt that Plaintiff can prove no set of facts consistent with her allegations in support of

her claim that would entitle her to relief.  See Robb v. Philadelphia, 733 F.2d 286, 290 (3d Cir.

1984).  At this juncture in the litigation, the Court's task is not to determine "whether a plaintiff

will ultimately prevail but whether the claimant is entitled to offer evidence to support [her]

claims." Estate of Bailey v. County of York, 768 F.2d 503, 506 (3d Cir. 1985) (citing Scheuer v.

Rhodes, 416 U.S. 232, 236, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974)).

Taking Plaintiffs' contentions as true, and in the light most favorable to Plaintiff, the Court

hereby determines that Plaintiff has made a showing sufficient to withstand a motion to dismiss.

The Court finds that sufficient facts in the Amended Complaint exist which, if true, will satisfy

the elements of a negligent misrepresentation cause of action. The first element, namely, that the

defendant negligently made an incorrect statement of a past or existing fact, may be satisfied by

Plaintiff's contentions that Defendant Rich "deliberately misled and misinformed" her about her

rights regarding sexual harassment. (Am. Compl. ¶¶ 112-17). Plaintiff also alleges in the

Amended Complaint that Defendant Rich:

- • "told Plaintiff that Morristown had no policy which had been violated by Maurer's conduct" (Id. ¶ 40).

- • "misled plaintiff into believing that defendant Morristown had no duty to protect her, foreseeably leading to her continued exposure to sexually offensive materials" (Id. ¶ 69).

- • "affirmatively misled plaintiff about her rights against sexual harassment, stating in part that there had been no sexual harassment because there had been no sexual touching or sexual language directed at her personally" (Id. ¶ 39).

These allegations, if true, may establish the first element in a claim for negligent

misrepresentation. Taking Plaintiff's remaining allegations as true, the Court finds that Plaintiff

may also satisfy the second element which requires a plaintiff to demonstrate justifiable reliance

on the misrepresentation. Plaintiff alleges in the Amended Complaint that Defendant Rich's

representation that the Town of Morristown had no duty to protect her caused Plaintiff to remain

in her position and continue to be exposed to sexually offensive materials. (Id. ¶ 69). The third

element requires Plaintiff to demonstrate that her reliance caused a loss or injury.  Here, Plaintiff

alleges that her repeated exposure to the sexual materials caused Plaintiff economic loss,

emotional distress, psychological injury, pain and suffering, humiliation and damage to her

reputation.  (Id. ¶ 117).

If, as outlined above, the contentions in the Amended Complaint are true, Plaintiff may be

able to successfully establish a cause of action against Defendant Rich for negligent

misrepresentation.  Although Defendant Rich urges the Court to dismiss this claim based upon

Plaintiff's inability to prove that Rich owed her a duty of care, such a determination is

inappropriate at this stage of the litigation, without further discovery.[6]  Although the

determination of whether Defendant Rich owed Plaintiff a duty of care is ultimately a question of

law which will be decided by this Court, it is only appropriate for analysis during summary

judgment, not in conjunction with the motion herein.[7]  Accordingly, the Court hereby denies

Defendant Rich's motion to dismiss Plaintiff's negligent misrepresentation claim.

## CONCLUSION

For the reasons set forth in this Opinion, Defendant Rich's motion to dismiss Counts Six,

Seven and Eight is granted in part and denied in part.

---

[6]This Court's earlier statements in the Opinion regarding the role Defendant Rich played
for the Town of Morristown and alternatively, for Plaintiff, were made within the context of
certain Defendants' partial motion to dismiss and pertained to claims not at issue here.  Further, it
is well-established that a plaintiff may raise a claim for negligent misrepresentation even in the
absence of an express attorney-client relationship.  See Petrillo, 139 N.J. at 484.  Thus, the
portion of the Court's Opinion cited to by Defendant Rich at page 24 of his moving brief does
not foreclose Plaintiff's potential claim for negligent misrepresentation.

[7]Further, the Court notes that the fact that the precise factual scenario suggested by the
Plaintiff has never been addressed by New Jersey courts is irrelevant to the Court's present
determination.

An appropriate Order accompanies this Opinion.


DATED: December 7, 2006                          /s/ Jose L. Linares
                                          United States District Judge